**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **STEPHEN H. BREWSTER,** | **CHAPTER 11** |
| Debtor. | **CASE NO. 14-40039-PWB** |
| **STEPHEN H. BREWSTER,** | **ADVERSARY PROCEEDING** |
| Plaintiff, | **NO. 22-04007-PWB** |
| v. | |
| **CRIMSON PORTFOLIO, LLC, CRIMSON PORTFOLIO ALPHA, LLC, DRRF II SPE, LLC, DRRF TRUST 2015-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MOUNTAINVIEW MORTGAGE OPPORTUNITIES FUND III TRUST I, WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MVMF III, TRUST B, STATEBRIDGE COMPANY, LLC, FAY SERVICING, LLC, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR CVI LCF MORTGAGE LOAN TRUST I, RUSHMORE LOAN MANAGEMENT SERVICES LLC, MTGLQ INVESTORS, L.P., US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES IV TRUST, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES IV TRUST, and SN SERVICING CORPORATION,** | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO MTGLQ INVESTORS, LP'S AMENDED EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Plaintiff Stephen H. Brewster ("Plaintiff") hereby files this response (the "Response") in opposition to *Motion for Extension of Time for Defendant to Answer or Otherwise Respond to Complaint* on March 30, 2022 (Doc. No. 40), as amended by the *MTGLQ Investors, LP's Amended Extension of Time to Answer or Otherwise Respond to Complaint* filed on April 1, 2022

(Doc. No. 42) (as amended, the "Motion to Extend"). For the reasons set forth below, Plaintiff requests that the Court deny the Motion to Extend.

## BACKGROUND[1]

1. Plaintiff filed its Complaint naming multiple defendants on February 8, 2022 (Doc. No. 1) and served the same with a summons issued by the Clerk on Defendant MTGLQ Investors, LP ("MTGLQ") on February 10, 2022. *See* Doc. No. 3; *see also* Motion to Extend at 2 ("Debtor . . . served MTGLQ on or about February 10, 2022.").

2. MTGLQ's deadline to answer or otherwise respond to the Complaint was March 11, 2022. *See* Fed. R. Bankr. P. 7012(a).

3. MTGLQ failed to answer or otherwise respond to the Complaint on or before March 11, 2022.

4. On March 9, 2022, Shanna-Kay Gibbs sent an email to the below-signed counsel seeking an extension on behalf of Defendants Rushmore Loan Management Services LLC ("Rushmore") and DRRF II SPE, LLC ("DRRF II"). There was no indication in the request that Ms. Gibbs represented MTGLQ or any other defendant in this proceeding.

5. The next day (March 10, 2022), the below-signed counsel agreed to extend Rushmore's and DRRF II's time to respond to and through April 11, 2022. There was no mention of MTGLQ in this email exchange, and no extension was granted to MTGLQ.

6. On March 11, 2022, Rushmore, DRRF II, and DRRF Trust 2015-1, U.S. Bank National Association, as Trustee filed a consent motion seeking an extension to answer Plaintiff's Complaint or otherwise respond (Doc. No. 10). The Court granted the consent motion by consent order on March 15, 2022 (Doc. No. 13).

---

[1] For the purposes of this Response, Plaintiff has assumed all facts alleged by MTGLQ Investors, LP in the Motion to Extend as true unless directly contradicted by the facts contained herein. Plaintiff does not admit any of MTGLQ Investors, LP's allegations unless Plaintiff expressly states so.

2

7. On March 24, 2022, Ms. Gibbs informed below-signed counsel that she would be representing MTGLQ in this proceeding and Rushmore would be represented by separate counsel as there had apparently been some confusion regarding the scope of the referral to her firm. Ms. Gibbs requested Plaintiff's consent to a motion to extend MTGLQ's response deadline. Plaintiff did not consent to the requested extension.

8. On March 29, 2022, MTGLQ filed an untimely motion to extend the deadline for MTGLQ to answer or otherwise respond to Plaintiff's Complaint (Doc. No. 26) (the "Initial Extension Motion"). The Initial Extension Motion was deficient in at least two ways: (1) the Initial Extension Motion incorrectly states it is "unopposed" when it was not unopposed, and (2) the Initial Extension Motion was filed after MTGLQ's response deadline of March 11, 2022.

9. The same day, the Court entered an order granting the Initial Extension Motion through April 11, 2022 (Doc. No. 27) (the "Initial Extension Order"). The order granted MTGLQ's Initial Extension Motion based upon the mistake in the motion that it was "unopposed."

10. Plaintiff's counsel informed MTGLQ's counsel the next morning that MTGLQ's counsel had erroneously indicated that the Initial Extension Motion and Initial Extension Order were "unopposed." MTGLQ's counsel informed Plaintiff's counsel that MTGLQ would file a motion to vacate the Initial Extension Order and seek an extension for its response deadline from the Court.

11. Because MTGLQ had not responded to Plaintiff's Complaint or timely sought an extension of time to respond to Plaintiff's Complaint, Plaintiff filed a Request for Entry of Default as to MTGLQ on March 30, 2022 (Doc. No. 28), with accompanying affidavit of Leslie M. Pineyro (Doc. No. 29). As of the filing of this Response, no default has been entered as to MTGLQ.

12. Later on March 30, 2022, MTGLQ filed an *Ex Parte Motion to Vacate Order on Motion to Extend Time* (Doc. No. 39) asking the Court to vacate the Initial Extension Order because the extension was not "unopposed" by Plaintiff.

3

13. Later the same day, MTGLQ filed the *Motion for Extension of Time for Defendant to Answer or Otherwise Respond to Complaint* (Doc. No. 40) (the "Second Extension Motion"). Although this motion was untimely, MTGLQ failed to show that its delay was the result of excusable neglect, and thus was not entitled to an extension under Fed. R. Bankr. P. 9006(b)(1).

14. On April 1, 2022, MTGLQ amended the Second Extension Motion (Doc. No. 42) (i.e., the Motion to Extend) along with a declaration of Shanna-Kay Gibbs in support of the Motion to Extend (Doc. No. 42-1).

15. On April 4, 2022, the Court vacated the Initial Extension Order (Doc. No. 43).

16. MTGLQ fails to show in the Motion to Extend that its failure to timely answer or otherwise respond to the Complaint was the result of excusable neglect and should be denied.

## ANALYSIS AND ARGUMENT

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9006(b)(1) provides (emphasis added):

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court **for cause shown** may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of **excusable neglect**.

The Supreme Court concluded that "the determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[2]

Since *Pioneer*, courts generally weigh four factors in determining whether a party's failure to act timely was the result of "excusable neglect":

> [1] the danger of prejudice to the debtor,
> [2] the length of the delay and its potential impact on judicial proceedings,
> [3] the reason for the delay, including whether it was within the reasonable control of the movant, and

---

[2] *See id.* at 396-97 for a discussion of holding clients accountable for the acts and omissions of their attorneys.

4

[4] whether the movant acted in good faith.

*Id.* at 395; see also *In re Jones*, No. 16-12590-WHD, 2017 Bankr. LEXIS 382, at *4 (Bankr. N.D. Ga. Feb. 10, 2017); *Rivera v. HSBC Bank USA, N.A. (In re Rivera)*, Nos. G11-24956-REB, 13-2092, 2013 Bankr. LEXIS 5593, at *5 (Bankr. N.D. Ga. Dec. 20, 2013). The Supreme Court emphasized related principles in *Pioneer*, including: (1) that the concept of excusable neglect is an "elastic one," *Pioneer*, 507 U.S. at 392; (2) excusable neglect is not limited to omissions caused by circumstances beyond the control of the moving party, *id.*; (3) inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, *id.*; and (4) clients are held accountable for the acts and omissions of their chosen counsel, *id.* at 397.

MTGLQ's reason for the delay utterly fails to establish that MTGLQ is entitled to a retroactive extension of its deadline to respond to Plaintiff's Complaint. In the Motion to Extend, MTGLQ does not—and indeed could not—blame its failure to timely respond on any action or inaction of Plaintiff. Plaintiff timely served fourteen defendants in this proceeding. MTGLQ has not asserted any deficiency in the service of the Complaint and summons served on February 10, 2022.

Of the fourteen defendants served, five failed to timely answer or respond to Plaintiff's Complaint. Of the five defendants that failed to timely respond, default has been entered as to four. Only MTGLQ remains as the sole defendant that was timely served with the Complaint and failed to timely respond.

MTGLQ's stated reason for its failure to timely file a response is that it "reasonably" relied on Rushmore to respond on its behalf pursuant to a servicing agreement. *See* Motion to Extend at 8. Even if the reasonableness of reliance were the standard that this Court is bound to apply, MTGLQ has failed to show how reliance on a contract with another entity could ever be considered "reasonable" against a deadline set out in the Bankruptcy Rules. The standard here, however, is the *excusability* of MTGLQ's *neglect*, not the reasonableness of its reliance.

5

Moreover, there is no authority to support the proposition that a party may shirk the deadlines set out by the Bankruptcy Rules if it relies on another person to respond for it. In *Pioneer*, for example, the Supreme Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [deadline]." 507 U.S. at 398. "In civil cases, counsel acts as an agent for a litigant." *Lyons v. O'Quinn*, 746 F. App'x 898, 902 n.3 (11th Cir. 2018) (citing *Pioneer*, 507 U.S. at 396-97). Where a party "voluntarily chose this attorney as his representative in the action, [] he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer*, 507 U.S. at 397. MTGLQ is "bound by his counsel's handling or mishandling of the case." *Lyons*, 746 F. App'x at 902, n.3. A fortiori, this principle is no less sound when the agent is a loan servicer rather than an attorney. Whether MTGLQ relied on its attorney or its servicer, the result is the same. MTGLQ is bound by its agent's actions, including its agent's failure to timely respond to Plaintiff's Complaint.

Even though the *Pioneer* Court was not swayed by problems at the petitioner's attorney's office (holding that the petition was bound by its attorney's actions), it still found room for excusable neglect with respect to the ambiguous nature of the notice of deadline at issue there. No such ambiguity can be found here. Bankruptcy Rule 7012 and the summons itself leave no room for ambiguity. MTGLQ's deadline to respond to Plaintiff's Complaint was March 11, 2022. Whether through inadvertence, ignorance of the rules, or a mistake construing the rule—none of which constitute excusable neglect, *see Pioneer*, 507 U.S. at 397—MTGLQ failed to timely respond to Plaintiff's Complaint. Whether MTGLQ relied on Rushmore or Rushmore's counsel or its own counsel in failing to timely respond, MTGLQ is bound by those actions or omissions.

MTGLQ was served on February 10, 2022. Thirty days later, its deadline to respond passed with no response. Eighteen more days passed during which MTGLQ asserts that it was relying on one of its service agreements to defend itself in this proceeding. The servicer's failure to respond for MTGLQ was readily ascertainable by a simple review of the docket in this case. When MTGLQ did finally seek to extend its deadline, MTGLQ's counsel stated that the extension

6

request was unopposed, and the Court relied on that representation in entering an order granting the extension. MTGLQ's counsel took steps to correct its error timely upon notification from Plaintiff's counsel, but counsel's timely action in vacating its erroneously uploaded order does not correct MTGLQ's failure to timely respond to the Complaint.

As set out in the Complaint, MTGLQ and other defendants have failed to act in accordance with Plaintiff's confirmed bankruptcy plan and the bankruptcy code for years. MTGLQ now throws itself upon the mercy of the Court, seeking an untimely extension because it believes Plaintiff will not be negatively impacted by the extension and because it believes it "reasonably" relied on its servicing documents. If MTGLQ's reliance was reasonable, then perhaps MTGLQ has a claim against its servicer. MTGLQ should not, however, be rewarded in this Court for its failure to act timely. Accordingly, the Court should deny MTGLQ's request as it cannot carry its burden to show "excusable neglect" under the circumstances of this proceeding.

WHEREFORE, Plaintiff respectfully requests that the Court deny the Motion to Extend.

Respectfully submitted this 13th day of April, 2022.

**JONES & WALDEN LLC**

*/s/ Aaron Anglin*
Aaron Anglin
Georgia Bar No. 585863
Attorney for Stephen Brewster
699 Piedmont Ave., NE
Atlanta, Georgia 30308
(404) 564-9300
aanglin@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **STEPHEN H. BREWSTER,** | **CHAPTER 11** |
| Debtor. | **CASE NO. 14-40039-PWB** |
| **STEPHEN H. BREWSTER,** | **ADVERSARY PROCEEDING** |
| Plaintiff, | **NO. 22-04007-PWB** |
| v. | |
| **CRIMSON PORTFOLIO, LLC, CRIMSON PORTFOLIO ALPHA, LLC, DRRF II SPE, LLC, DRRF TRUST 2015-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MOUNTAINVIEW MORTGAGE OPPORTUNITIES FUND III TRUST I, WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR MVMF III, TRUST B, STATEBRIDGE COMPANY, LLC, FAY SERVICING, LLC, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR CVI LCF MORTGAGE LOAN TRUST I, RUSHMORE LOAN MANAGEMENT SERVICES LLC, MTGLQ INVESTORS, L.P., US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES IV TRUST, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES IV TRUST, and SN SERVICING CORPORATION,** | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

      This is to certify that on the date indicated below the foregoing *Plaintiff's Response to MTGLQ Investors, LP's Amended Extension of Time to Answer or Otherwise Respond to Complaint* (the "Response") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Austin Alexander**  Austin.Alexander@thompsonhine.com, ECFDocket@thompsonhine.com;kelly.thomas@thompsonhine.com;Jeremy.Campana@thompsonhine.com
- **Aaron R. Anglin**  aanglin@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com
- **Bret J. Chaness**  bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com
- **Shanna Gibbs**  shanna.gibbs@padgettlawgroup.com, BKecf@padgettlawgroup.com,angelica.reyes@padgettlawgroup.com,robin.lindsey@padgettlawgroup.com
- **Monica K. Gilroy**  monica.gilroy@gilroyfirm.com, mkg@gilroyfirm.com
- **G. Frank Nason**  fnason@lcenlaw.com, emiller@lcenlaw.com;emiller@ecf.courtdrive.com;NasonFR86494@notify.bestcase.com
- **Leslie M. Pineyro**  lpineyro@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com;cmccord@joneswalden.com;arich@joneswalden.com;ewooden@joneswalden.com
- **Gregory M. Taube**  greg.taube@nelsonmullins.com, linnea.hann@nelsonmullins.com;ilene.maccioli@nelsonmullins.com
- **Mark J. Windham**  mark.windham@troutmansanders.com, FSLECFIntake@troutmansanders.com

This 13th day of April, 2022.

                **JONES & WALDEN LLC**
*/s/ Aaron Anglin*
Aaron Anglin
Georgia Bar No. 585863
Attorneys for Stephen Brewster
699 Piedmont Ave., NE
Atlanta, Georgia 30308
(404) 564-9300
aanglin@joneswalden.com