IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 14-40039-PWB |
| STEPHEN BREWSTER, SR., | ) CHAPTER 11 |
| | ) JUDGE BONAPFEL |
| Debtor. | ) |
| _____ | |
| STEPHEN H. BREWSTER, SR., | ) |
| Plaintiff, | ) Adversary Case. No. 22-04007-pwb |
| | ) |
| v. | ) |
| | ) |
| CRIMSON PORTFOLIO, LLC, CRIMSON | ) |
| PORTFOLIO ALPHA, LLC, DRRF II SPE, | ) |
| LLC, DRRF TRUST 2015-1, U.S. BANK | ) |
| NATIONAL ASSOCIATION, AS | ) |
| TRUSTEE, MOUNTAINVIEW | ) |
| MORTGAGE OPPORTUNITIES FUND | ) |
| III TRUST 1, WILMINGTON SAVINGS | ) |
| FUND SOCIETY, FSB D/B/A CHRISTINA | ) |
| TRUST, NOT IN ITS INDIVIDUAL | ) |
| CAPACITY BUT SOLELY AS TRUSTEE | ) |
| FOR MVMF III, TRUST B, | ) |
| STATEBRIDGE COMPANY, LLC, FAY | ) |
| SERVICING, LLC, U.S. BANK TRUST | ) |
| NATIONAL ASSOCIATION, AS | ) |
| TRUSTEE FOR CVI LCF MORTGAGE | ) |
| LOAN TRUST I, RUSHMORE | ) |
| MANAGEMENT SERVICES, LLC, | ) |
| MTGLQ INVESTORS, L.P., U.S. BANK | ) |
| TRUST NATIONAL ASSOCIATION AS | ) |
| TRUSTEE OF THE TIKI SERIES IV | ) |
| TRUST, U.S. BANK TRUST NATIONAL | ) |
| ASSOCIATION, AS TRUSTEE OF THE | ) |
| CABANA SERIES IV TRUST, and SN | ) |
| SERVICING CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**STATEBRIDGE SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Statebridge Services, Inc. ("Statebridge") submits its memorandum of law in support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) made applicable herein pursuant to Fed. R. Bank. P. 7012.1 ("Motion to Dismiss") (Dkt. No. 8). (the "Motion") For the reasons stated in the Motion to Dismiss and accompanying brief and for the reasons stated herein, Statebridge's Motion to Dismiss should be granted, and the claims made by Debtor Stephen H. Brewster ("Plaintiff" or "Brewster") against Statebridge should be dismissed.

I. **The Court Lacks Subject Matter Jurisdiction**

In the Response, Plaintiff argues that this Court has jurisdiction over his claims against Statebridge because: (1) the Court can enforce its own orders; (2) the Court has both "arising in" and "related to" jurisdiction over his claims; and (3) Statebridge is an indispensable party. See Dkt. No. 59 at 5-7. With the more exacting standard of review for a factual attack on subject matter jurisdiction, each of Plaintiff's arguments to extend this Court's subject matter jurisdiction fails. See *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (holding Court may "independently weigh the facts and is not constrained to view them in the light most favorable to the non-movant").

A. The Plan's Retention of Jurisdiction Clauses Do Not Apply to this Adversary

As a preliminary matter, the Court's retention of jurisdiction in the plan does not include every squabble between Plaintiff and all prior and future servicers until his 30-year mortgage is paid in full sometime in the year 2035. As is cited in a prominent treatise and by courts nationwide: "[o]nce the bankruptcy court confirms a plan of reorganization, the debtor may go about its business without further supervision or approval. The firm also is without the protection of the bankruptcy court. It may not come running to the bankruptcy judge every time something

unpleasant happens." COLLIER ON BANKRUPTCY, section 1141.02[1] (16th ed. Rev.) (emphasis in original) (citing *Pettibone Corp. v. Easley*, 935 F.2d 120, 122 (7th Cir. 1991)); *Bank of La. v. Craig's Stores of Tex., Inc*. (In re Craig's Stores of Tex., Inc.), 266 F.3d 388, 390 (5th Cir. 2001) (same); *Santander Consumer, USA, Inc. v. Houlik (In re Houlik),* 481 B.R. 661, 676 (B.A.P. 10th Cir. 2012) (same and finding no jurisdiction where "the Plan revested the assets in the Houliks upon confirmation . . . the Plan ha[d] been substantially consummated and administered, and the damages awarded in the action benefit the Houliks and not their creditors"); *Shure v. State of Vermont (In re Sure-Snap Corp.),* 983 F.2d 1015, 1018 (11th Cir. 1993) ("Bankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy acts."). Bringing claims back to this Court against his prior servicer eight years post-confirmation for an alleged refusal to accept mortgage payments (or rather, issues with an incorrect loan number), is exactly what the foregoing law was meant to address. Plaintiff should not be in bankruptcy court.

B.  Plaintiff's Claims Are Not Violations of the Court's Confirmation Order

Plaintiff argues that the Court has subject matter jurisdiction through its power to enforce its own orders and that its claims are based on the allegation that "Statebridge violated the terms of the Plan that require Plaintiff's counterparty to the Security Deed to accept payments of $3,170.83 per month and apply them to the claim against Plaintiff based upon the Loan. Opp'n at 9. However, Plaintiff does not allege that Statebridge violated the Court's Confirmation order or his Plan. Plaintiff's Plan provided Plaintiff would resume monthly mortgage payments "in accordance with the non-default terms of the pre-petition loan documents, and such pre-petition loan documents shall continue in full force and effect provided that this bankruptcy and Debtor's financial condition shall not constitute a default under same." Plan § 4.4 (ECF No. 1-11); Compl. ¶

31. The only other payment arrangement connected to the Loan was the Claim Objection Order requiring payoff of the arrearage. Those payments concluded in 2016, with Plaintiff's current servicer stating on August 31, 2016 that his account had been corrected to reflect that the arrearage had been cured and Plaintiff's Loan was not in default. Compl. ¶ 46; *see also* (ECF No. 1-21).

The only allegation against Statebridge is that it sent a letter to Plaintiff stating that it intended to accelerate the loan because he "failed to pay the 1/1/2016 payment and the payment(s) due thereafter". Compl. ¶ 43. According to the Complaint and its exhibits, Plaintiff was current when Statebridge acquired servicing on June 8, 2016 but that servicers mistakes and misapplications of payments continued until servicing was transferred to Statebridge. Compl. ¶ 41 The dispute over payments arose years after Plaintiff's Plan and this Court's Orders were resolved. Plaintiff has not identified how any of Statebridge's actions violated a specific term of his Plan or any Court Order. Plaintiff's apparent position is that all disputes over servicing of a loan that was once in bankruptcy constitute violation of a bankruptcy court order. That is simply not the law.

### C. The Court Lacks "Arising In" and "Related To" Jurisdiction

Plaintiff next argues that the Court has both "arising in" or "related to" jurisdiction over his claims against Statebridge. Plaintiff first argues that "Jurisdiction exists as 'arising out of' the Plan and case" because his "relief requested 'arises out of' the failure of Rushmore to abide by the Confirmation Order." Plaintiff misunderstands the nature of "arising in" jurisdiction. A proceeding "'arising in a case under title 11' [involves] administrative-type matters or matters that could arise only in bankruptcy, such as filing a proof of claim or an objection to the discharge of a particular debt." *In re Maxwell*, No. 10-79479-CRM, 2012 WL 3678609, at *1 (Bankr. N.D. Ga. Aug. 22, 2012) (citing *In re Toledo*, 170 F.3d at 1348). As discussed above, Plaintiff's claims against Statebridge do not allege violation of his Plan or the Court's orders, nor does Plaintiff allege

violation of the Bankruptcy Code. To the contrary, Plaintiff brings breach of contract and other state law claims based on the allegation that his payments were misapplied to his Loan account, all of which regularly arise outside of the bankruptcy context.

Secondly, Plaintiff states that this case relates to the bankruptcy because the "Complaint seeks relief that affects the interpretation, consummation, execution and administration of Plaintiff's confirmed Plan." However, that is not the case. Plaintiff's Plan was confirmed on June 20, 2014 and his case was closed on December 29, 2014. Compl. ¶¶ 29, 32. According to the Complaint and its exhibits, when Statebridge acquired servicing of Plaintiff's Loan in June 2016, servicing errors and misapplications of payments had continued for years. Further, Statebridge and Plaintiff resolved the issues but then, in 2017, Statebridge began to misapply payments again, until the loan was transferred to Fay Servicing in September 2017. Compl. ¶ 52. This ended Statebridge's involvement and that the errors continued after the loan was transferred to Fay Servicing and then others. However, all this occurred years after the bankruptcy was closed. Resolving this dispute will not require any interpretation of the Plan and will have no effect on the execution or administration of the bankruptcy estate, which no longer exists. "Acceptance of [Plaintiff's] argument would lead to an untenable result" because "confirmed plans do not continue in existence indefinitely." *Citigroup, Inc. v. Harris (In re Harris)*, 306 B.R. 357, 362 (M.D. Ala. 2004).

D.  Statebridge is not an Indispensable Party

As final argument in support of jurisdiction, Plaintiff contends that Statebridge is an indispensable party to this litigation. Bankruptcy Rule 7019 states that, even when a party is considered indispensable under Rule 19, "if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceedings." In other words, the Court must have independent

subject matter jurisdiction over the claims against Statebridge and cannot gain jurisdiction by operation of Rule 7019. As Statebridge has demonstrated above, such jurisdiction does not exist.

Additionally, a defendant cannot be an indispensable party if the Plaintiff cannot assert claims against them directly. *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 n.3 (11th Cir. 1982) ("[T]he term 'indispensable party' is merely a conclusion arrived at after completing the analysis in Rule 19. Only when a court finds that a person is one who should be joined but cannot be and that the litigation cannot go forward without the missing person is the label 'indispensable' appropriate."). Most of Plaintiff's Complaint involve allegations of failure to accept payments or properly apply payments to his account. Plaintiff's only factual allegations regarding Statebridge continued to refuse Plaintiff's tendered payments after apparently correcting it prior errors . Compl. ¶¶ 49, 52. Statebridge is not the current servicer of the loan and cannot adjust Plaintiff's balance or provide any non-monetary relief. This case can and should continue without Statebridge's involvement.

### III. The Complaint is Improperly Pled

Plaintiff's only argument in support of his collective and nonspecific pleading is that he need not identify specific allegations against each defendant because every defendant is liable for "for its predecessors' transgressions." Plaintiff's argument appears to be based on a quote from *Houghton v. Sacor Fin., Inc.*, that an "assignee acquires all of the rights and remedies possessed by the assignor at the time of the assignment, and takes the obligation, contract, chose, or other thing assigned subject to the same restrictions, limitations, and defects as it had in the hands of the assignor." 337 Ga. App. 254, 258 (2016). This passage stands for the simple proposition that "an assignee 'stands in the shoes' of the assignor and obtains no greater rights than the assignor possessed at the time of assignment. *See id.* (*quoting S. Telecom, Inc. v. TW Telecom of Georgia*

*L.P.*, 321 Ga. App. 110, 114, 741 S.E.2d 234, 237 (2013). In *Houghton*, this proposition supported the conclusion that when a cause of action arose before an assignment, the assignee did not get a new limitations period beginning at the time of assignment. *Id.* In the context of this case, this proposition means that the assignee of commercial paper has all rights of the assignor and is subject to the defenses of the account debtor/obligor as to the amount owed. Plaintiff, however, is attempting to use this proposition to support the idea that a servicer or owner of a loan is infinitely liable for the past conduct of all prior holders. This is an incorrect interpretation of the law and unsupported by precedent.

A complaint fails to meet Rule 8(a)'s requirements when it "does not include a clear recitation of claims and asserts that multiple parties committed certain acts without identifying which party engaged in what conduct specifically." *HRN Grp., LLC v. Wilmington Sav. Fund Soc'y, FSB (In re HRN Grp., LLC)*, No. 18-63282-WLH, Adv. No. 19-5312-WLH, 2020 Bankr. LEXIS 214, at *10–13 (Bankr. N.D. Ga. Jan. 27, 2020) (citing *Twombly*, 550 U.S. at 555). Plaintiff's Complaint fails to allege what acts performed by Statebridge is the basis for its liability under each of the seven counts he collectively asserted against all defendants. Statebridge

### IV. The Complaint Fails to State Any Claim for Relief Against Statebridge

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As shown in the Motion, Plaintiff has not stated claims for accounting, contempt, injunctive relief, breach of contract, or declaratory relief against Statebridge, and he has not overcome those deficiencies in the Response.

A. <u>Plaintiff is Not Entitled to an Accounting</u>

"An accounting under [O.C.G.A. § 23-2-70] is not warranted if the accounts are not unusually complicated and an adequate remedy is available at law." *Vernon v. Assurance Forensic Accounting, LLC*, 333 Ga. App. 377, 393 (2015); *Phillips v. Ocwen Loan Servicing, LLC*, No. 1:12-cv-3861-WSD, 2013 U.S. Dist. LEXIS 129721, at *20-21 (N.D. Ga. Sept. 11, 2013). Plaintiff's response, without citation to any legal authority, that he is seeking information from Statebridge regarding information received from prior servicers ignores the law regarding the remedy of an accounting. Furthermore, the Complaint states that Statebridge continued to refuse payments from Plaintiff while it was the servicer, though he admits Statebridge was always only a servicer, never a holder of the loan. See Dkt. No. 1 at ¶¶ 49, 52. It is unclear what additional account information Statebridge could provide that the Plaintiff could not calculate himself. Therefore, this claim should be dismissed.

B. <u>Statebridge has not Violated any Orders of this Court</u>

"To establish civil contempt of an order, the moving party must show by clear and convincing evidence the contemnors violated a specific and definite order of the court." *In re Nilhan Devs., LLC*, 622 B.R. 795, 804-05 (Bankr. N.D. Ga. 2020) (citations omitted). The order must be "clear, definite and unambiguous." *Id*. Plaintiff responds that Statebridge served as an agent of the owner of the Loan. As stated in the Complaint, "Brewster made multiple payments to Statebridge while it serviced the Claim. Notwithstanding such payments, upon information and belief, Statebridge failed to properly account for Brewster's payments." Dkt. No. 59 at 9. To the contrary, the plan does not require the mortgage servicer to accept payments regardless of any other facts or applicable law. The plan merely allowed the Plaintiff to cure the arrearage and to continue making monthly payments going forward under the terms of the loan documents:

> Debtor shall cure the Class 4 Arrearage in 18 equal monthly payments of $1,019.55 each. Debtor commenced his regular post-petition monthly mortgage payments to Crimson ALPHA on February 1, 2014. Debtor shall continue to pay his regular monthly mortgage payments of $3,170.83 per month to Crimson ALPHA in accordance with the nondefault terms of the pre-petition loan documents, and such pre-petition loan documents shall continue in full force and effect provided that this bankruptcy and Debtor's financial condition shall not constitute a default under same.

Dkt. No. 103 at 12. Unlike the eleven other classes of claims in the plan that generally provided for a specific payment amount (unlike an adjustable-rate mortgage) over a finite period (most were just 5 years), all Class 4 did was cure arrearage and require payments per the loan documents (e.g., through the year 2035). Accepting Plaintiff's argument would ignore any circumstances and applicable law allowing servicers to reject loan payments (or hold them in suspense). As stated in the Complaint, Plaintiff admitted that Statebridge was simply the loan servicer and never held the Security Deed. See Complaint at ¶¶ 40-43. It was simply not a creditor bound by any orders of the Court – especially orders entered years before it became the servicer and when it became servicer after the bankruptcy case was closed. Moreover, Statebridge never subjected itself to the jurisdiction of this Court in any capacity while the case was open. It cannot be held in contempt of court and Count II should be dismissed.

Therefore, this claim should be dismissed.

C. <u>Statebridge Did Not Breach Any Contract</u>

It is not clear from Plaintiff's Opposition how he is alleging Statebridge breached the terms of his Plan. Plaintiff again states that under the Plan, "Plaintiff's counterparties to the Security Deed were obligated to accept those payments and apply them to their claim as set forth in the Plan and the Bankruptcy Court's orders." Opp'n 10. However, the Complaint does not contain any

allegations that Plaintiff sent any payments to Statebridge or that Statebridge refused to accept or apply any payments from Plaintiff.

"A plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *In re Shibley*, 2022 Bankr. LEXIS 276, at *13 (quoting *Kabir v. Statebridge Co.*, LLC, No. 1:11-cv-2747-WSD, 2011 U.S. Dist. LEXIS 109778, at *23 (N.D. Ga. Sept. 27, 2011)); *Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006). Plaintiff has not alleged what provision of the Plan Statebridge breached or what conduct by Statebridge constituted a breach.

### D. Injunctive and Declaratory Relief

Plaintiff argues that it is entitled to injunctive and declaratory relief from Statebridge because Statebridge either made errors while servicing his loan or passed on the errors already made by prior servicers. Neither theory matters because Statebridge has not been Plaintiff's loan servicer for years. Injunctive and declaratory relief require there to be an active controversy between the parties and the likelihood of future harm without the requested relief. See, e.g. *Am. Ins. Co v. Evercare Co.*, 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010). The ability to cause future harm or to correct information on Plaintiff's loan file lies with the current servicer. Neither cause of action is appropriate to a prior servicer who has no active role in Plaintiff's loan.

### E. Punitive Damages and Attorney's Fees

Plaintiff states that his counts for punitive damages and attorney's fees should remain in his Complaint because it is possible for him to collect such fees from the other causes of action he has pled. *See* Opp'n 14-15. Statebridge did not argue that it would be impossible to collect these damages as a *remedy*, but that it was improper to present them as causes of action. Plaintiff did not list punitive damages and attorney's fees as a requested remedy but pled each as an independent count and cause

of action. As demonstrated in Statebridge's Motion, that is improper. *See Edelen v. Campbell Soup Co.*, 2008 U.S. Dist. LEXIS 128547, at *52 (N.D. Ga. Sep. 25, 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1087 (11th Cir. 2001)); *Jane Doe No. 1 v. Fulton-DeKalb Hosp. Auth.*, No. 1:05-CV-2277-TWT, 2007 U.S. Dist. LEXIS 76247, at *6 (N.D. Ga. Oct. 12, 2007); *Nukic v. Home-Grown Indus. of Ga., Inc.*, No. 1:04-CV-2549-WSD-CCH, 2005 U.S. Dist. LEXIS 59010, at *27 (N.D. Ga. Sept. 20, 2005), *report & recommendation adopted by* 2005 U.S. Dist. LEXIS 58988 (N.D. Ga. Nov. 7, 2005). Counts VI and VII should be dismissed with prejudice because they set forth remedies as separate, independent causes of action.

## CONCLUSION

Accordingly, for the reasons stated in this brief and Rushmore's Memorandum in Support, Rushmore respectfully request that the Court grant this motion and dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(1) or, alternatively, dismiss the Complaint as to Statebridge under Fed. R. Civil. P. 12(b)(6).

Respectfully Submitted this 20th day of May, 2022.

**MCCLAIN & MERRITT PC**

*/s/ Tania R. Tuttle*

| | |
|---|---|
| 11625 Rainwater Drive, Suite 125 | TANIA R. TUTTLE |
| Alpharetta, Georgia 30009 | Georgia State Bar No. 720348 |
| Phone: (404) 365-4574 | SARAH C. MONICO |
| ttuttle@mmatllaw.com | Georgia State Bar No. 582691 |
| smonico@mmatllaw.com | ATTORNEYS FOR PLAINTIFF |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within and foregoing NOTICE OF SUBSTITUTION OF COUNSEL has been served upon Counsel for Plaintiff in Intervention and Defendants by statutory electronic service and/or by ECF e-filing, addressed as follows:

Aaron R. Anglin aanglin@joneswalden.com

Leslie M. Pineyro lpineyro@joneswalden.com

Shanna Gibbs shanna.gibbs@padgettlaw.com

Bret J. Chaness bchaness@rubinlubin.com

Austin Alexander Austin.Alexander@thompsonhine.com

Mark J. Windham mark.windham@troutmansanders.com

Gregory M. Taube greg.taube@nelsonmullins.com

Mark Allan Baker mbaker@mtglaw.com

Laura A. Grifka lgrifka@mtglaw.com

Monica K Gilroy mgilroy@gilroyfirm.com

G. Frank Nason IV fnasonlcenlaw.com

Respectfully Submitted this 20th day of May, 2022.

**MCCLAIN & MERRITT PC**

*/s/ Tania R. Tuttle*

| | |
|---|---|
| 11625 Rainwater Drive, Suite 125 | TANIA R. TUTTLE |
| Alpharetta, Georgia 30009 | Georgia State Bar No. 720348 |
| Phone: (404) 365-4574 | SARAH C. MONICO |
| ttuttle@mmatllaw.com | Georgia State Bar No. 582691 |
| smonico@mmatllaw.com | ATTORNEYS FOR STATEBRIDGE |